FILED

PHILIP A. PUTMAN, State Bar No. 51368
LAW OFFICE OF PHILIP A. PUTMAN
3303 HARBOR BLVD. SUITE K-11
COSTA MESA, CA 92626
Telephone: (714)848-5297
Facsimile: (714)963-8035

Attorney Pro Se

2008 JUN -6 AM 11: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTEAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

PHILIP A. PUTMAN,

          Plaintiff(s),

        v.

STATE BAR OF CALIFORNIA; STATE
BAR COURT OF CALIFORNIA; STATE
BAR BOARD OF GOVERNORS; LAWYERS
ASSISTANCE PROGRAM; ROBERT
GASTELUM; PAM POLEY; LISA
SPENDLOVE; and
DOES 1 to 100

          Defendant(s).

)Case No. **SACV08-625 DOC (MLGx)**
)
)
)**VERIFIED COMPLAINT FOR**
)**DECLARATORY RELIEF, INJUNCTIVE**
)**RELIEF, AND DAMAGES; AND**
)**REQUEST FOR JURY TRIAL**
)
)
)Filed:
)
)
)
)
)

Plaintiff PHILIP A. PUTMAN hereby alleges as follows:

**INTRODUCTION**

1.   This complaint seeks to prohibit the Sate Bar of California (State Bar) from violating the First and Fourteenth Amendments to the U.S. Constitution.

2.   The Complaint seeks an order declaring Cal. B&P § 6068(b) unconstitutional on the grounds of lack of notice, denial of due process, and violation of the First Amendment of

1

the U.S. Constitution.  The complaint seeks a temporary restraining order, preliminary and permanent injunction restraining the State Bar of California, its Board of Governors and the Defendants and each of them from enforcing and applying B&P Code § 6068(b).

3.    This complaint seeks an order declaring B&P Code § 6106 unconstitutional on the grounds of a violation of the First Amendment to the U.S. Constitution and vagueness.  The complaint seeks a temporary restraining order, preliminary and permanent injunction restraining the State Bar of California, its Board of Governors, and the Defendants and each of them from enforcing and applying B&P § 6106.

## JURISDICTION AND VENUE

4.    Jurisdiction exists under 28 U.S.C. §§ 1331, 1367, and 2201-02.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because at all times herein, Defendants resided, maintained office and conducted business in the Central District, Western Division.

## THE PARTIES

6.    Plaintiff, PHILIP PUTMAN is a natural person residing in Huntington Beach, California. PHILIP PUTMAN is seventy three (73) years old and suffers from diabetes and other maladies.

7.    Defendant, California State Bar is a California Corporation and is a quasi-government entity under the State Supreme Court.

8.    Defendant State Bar Court of California (State Bar) is a public corporation established by Article VI (4) 9 of the

14.   The true name and capacities of those defendants, whether individual, corporate, associate, or otherwise named herein as DOES 1 through 100 inclusive, are unknown to PHILIP PUTMAN, who therefore sues said defendants by fictitious names. PHILIP PUTMAN will amend this Complaint to allege the true names and capacities when they have been ascertained.

15.   PHILIP PUTMAN is informed and believes, and thereon alleges that each of the DOE defendants is responsible in some manner for the caused of action herein alleged.

16.   PHILIP PUTMAN is informed and believes, thereon alleges, that at all times herein mention each of the Defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## STANDING

17.   Plaintiff is directly affected by the actions of the California State Bar when the California State Bar enforced B&P Code § 6106 and imposed a disciplinary action against the Plaintiff.

18.   Plaintiff also stands in representative capacity for all others who also may be affected by those actions of the California State Bar.

19.   Plaintiff has suffered an actual "injury in fact" by having been terminated from the LAP and being prevented from completing the Alternative Discipline Program.  Because Plaintiff was terminated from the LAP program.  Plaintiff faces imminent termination from the Alternative Discipline Program and the imposition of the stayed discipline.

20. Plaintiff also stands in representative capacity for all others who also may be affected by those actions of the LAP.

## FACTUAL ALLEGATIONS

21. In 2005 State Bar Court of California in Case No. 02-0-10121-RAH found that PHILIP A PUTMAN violated sections 6068(b) and 6106 of the Business and Professions Code.

22. The Bar Court findings stemmed from a letter that PHILIP PUTMAN wrote to Judge Brickner and opposing counsel in which Putman requested Judge Brickner to recuse himself from case number 00CC10381, *Putman v. Azafrani, et al.*, which was then pending before Judge Brickner.

23. Following the State Bar Court's finding PHILIP PUTMAN entered into stipulation for an Alternative Discipline Program. (Exhibit A.)

24. According to the Alternative Discipline Program, upon PHILIP PUTMAN'S successful completion of the LAP, PHILIP PUTMAN will be publicly reproved.

25. Alternatively, if PHILIP PUTMAN fails to enter into and successfully complete the LAP, PHILIP PUTMAN will be suspended from practice of law for two years, such suspension would be stayed and PHILIP PUTMAN would be actually suspended for six months and placed on probation for five years.

26. Following the terms of the Alternative Discipline Program, PHILIP PUTMAN entered into a written agreement with LAP of the California State Bar to participate in the LAP program. (Exhibit A).

27. PHILIP PUTMAN began participating in the program in January 2005.

28. While participating in the LAP program, PHILIP PUTMAN attended weekly LAP meetings. Philip had to pay $220 per month to attend LAP.

29. In order to attend the weekly LAP meetings, PHILIP PUTMAN left his office at 4:30 p.m. on the day of the meeting and returning at 8:30 pm, thus losing four (4) hour of time.

30. The Law Officers of PHILIP PUTMAN are located in Costa Mesa, California while the LAP meeting took place in Torrance, California, thirty (30) miles away.

31. Also, the weekly LAP meetings prevented PHILIP PUTMAN from attending his church choir, which PHILIP PUTMAN has been doing for thirty (30) years prior to attending LAP meetings.

32. After PHILIP PUTMAN have participated in the LAP program for almost three years, in October 2007, LAP ordered PHILIP PUTMAN to submit to random alcohol testing based on an informant whose identity LAP refused to disclose in violation of Mr. Putman's 4th Amendment rights to confront his accuser.

33. PHILIP PUTMAN had not consumed any alcohol in the last three (3) years, which is before PHILIP PUTMAN began participating in the LAP.

34. Other than the report by an anonymous informant there is no evidence or indication that PHILIP PUTMAN had consumed any amount of alcohol during that past three (3) years, nor that alcohol had any bearing on the underlying California State Bar Case.

35. Plaintiff conditionally consented to submit to alcohol test on a condition that LAP disclose the name of the informant (Exhibit B).

36.   LAP refused to tell PHILIP PUTMAN who had made the report to LAP or when and where the anonymous informant had allegedly observed PHILIP PUTMAN to consume alcohol.

37.   LAP ordered Mr. Putman to appear at the hearing. PHILIP PUTMAN appeared at the hearing before the evaluating committee composed of Defendants: Robert Gastelum Pam Poley, an Lisa Spendlove, where the evaluating committee terminated PHILIP PUTMAN's participation in the LAP.

38.   Evaluating Committee's untimely termination of PHILIP PUTMAN from the LAP caused PHILIP PUTMAN physical, financial and emotional hardship, and loss of income.

39.   Additionally, LAP's untimely termination of PHILIP PUTMAN's participation in LAP will cause PHILIP PUTMAN, loss in income and will affect his license to practice law.

40.   Defendants Robert Gastelum, Pam Poley, and Lisa Spendlove are members of the LAP evaluation committee and are all licensed therapists, committed medical malpractice when they made a medical and legal determination that, "alcoholics cannot recover", and that "all alcohol use is deleterious."   In truth and in fact, alcohol use had nothing to do with any California State Bar complaints or the contract between LAP and PHILIP PUTMAN.

41.   Furthermore, Alcoholics can and do recover, some alcohol use is actually healthy, and many ceremonies call for consumption of wine.

42.   LAP and members of the evaluating committee breached the contract between LAP and PHILIP PUTMAN, when LAP terminated PHILIP PUTMAN'S participation in the program after PHILIP PUTMAN

did not sign the Amendment to the Participation Plan which would have subjected PHILIP PUTMAN to random alcohol testing, thus violating Plaintiff's constitutional rights, employing draconian, arbitrary and oppressive authority.

43.    LAP evaluating committee also breached its fiduciary duty owed to PHILIP PUTMAN as an elder by submitting PHILIP PUTMAN to physical and emotional hardship while fully aware of PHILIP PUTMAN'S age and poor health.

### COUNT I: FOR DECLARATORY AND INJUNCTIVE RELIEF:

### (B&P Code § 6068(b) is unconstitutionally vague and overbroad)

44.    Plaintiff incorporates paragraphs 1 through 43 and each of them as if set forth in full.

45.    B&P Code § 6068(b) is unconstitutional and violated First Amendment because it is unconstitutionally vague and overbroad.

46.    B&P Code § 6068(b) imposes a duty on an attorney: "To maintain the respect due to the courts of justice and judicial officers."

47.    B&P Code § 6068(b) is unconstitutional and violated First Amendment because it is unconstitutionally vague and overbroad in that it does not define the conduct which it seeks to prohibit with sufficient definiteness such as filing disqualifications, pleadings,  lawsuits, or expressing ones opinions about a judge.

48.    B&P Code § 6068(d) is unconstitutional and violated First Amendment as applied to the Plaintiff and violates Plaintiffs due process rights under the Fourteenth Amendment to the U.S. Constitution as the language of B&P Code § 6068(b) does

not afford Plaintiff sufficient notice that Plaintiff violated
the section by expressing his opinion about a judicial officer.

49.   B&P Code § 6068(b) proscribes Plaintiff from
exercising his First Amendment Constitutional right in filing
papers with the court such as motions to disqualify, pleadings,
or expressing his opinion about the character of a judicial
officer.

50.   In a letter that Plaintiff wrote to Judge Brickner,
Plaintiff stated several opinions about Judge Brickner's fitness
as a judge, including a statement that, "[Judge Brickner] did
nothing that he can be proud of."

51.   The statement made by PHILIP PUTMAN in a letter to
Judge Brickner constituted an opinion rather than a statement of
fact and Plaintiff could not discern from the language  of B&P
Code § 6068(b) that Plaintiff's conduct had violated B&P §
6068(b).

52.   Plaintiff seeks an order declaring B&P Code § 6068(b)
unconstitutional on the ground that it violates the First
Amendment to the U.S.

53.   Plaintiff seeks a temporary restraining order,
preliminary and permanent injunction restraining Defendants, and
each of them, from enforcing, applying or using B&P Code §
6068(d) against any member of the State Bar of California with
respect to any document filed in a court, statement made in a
court or any right protected by the First and Fourteenth
Amendment.

///

///

## COUNT II: FOR DECLARATORY AND INJUNCTIVE RELIEF

### (B&P Code § 6106 is Unconstitutionally vague and overbroad)

54.   Plaintiff incorporates paragraphs 1 through 53 and each of them as if set forth in full.

55.   B&P Code § 6106 states as follows:

> The commission of **any act *involving moral turpitude*,** dishonesty or corruption, whether the as is committed in the course of this relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.
> If the Act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding in not a condition precedent to disbarment or suspension from practice thereof. [Epmphasis added.]

56.   B&P Code § 6106 is unconstitutional and violated First Amendment because it is unconstitutionally vague and overbroad in that it does not define the conduct which it seeks to prohibit with sufficient definiteness such as a prohibition against filing disqualifications, pleadings, or lawsuits, and does not establish minimal guidelines to govern law enforcement.

57.   B&P Code § 6106 is unconstitutional and violates the First Amendment's Petition Clause which protects, "the right of the people ... to petition the government for a redress of grievances." U.S. Constitution, Amendment I,

58.   The July 15, 2007 order held PHILIP PUTMAN in violation of B&P Code § 6106 for having submitted a letter to Judge Brickner requesting Judge Brickner to recuse himself from a judicial proceeding.

59.   B&P Code § 6106 is vague and overbroad as nothing in the language of the B&P Code § 6106 specifically precludes this

act of requesting a judge to recuse himself from a judicial proceeding.

60.   Plaintiff seeks an order declaring B&P Code § 6106 unconstitutional on the ground that it violates the First Amendment to the U.S. Constitution and vagueness.

61.   Plaintiff seeks a temporary restraining order, preliminary and permanent injunction restraining Defendants, and each of them, from enforcing, applying or using B&P Code § 6106 against any member of the State Bar of California with respect to any document filed in a court, statement made ina court or any right protected by the First and Fourteenth Amendment.

## COUNT III: VIOLATION OF 42 U.S.C. 1983:

62.   Plaintiff incorporates paragraphs 1 through 61 and each of them as if set forth in full.

63.   LAP is a state agency of the California Supreme Court.

64.   LAP is organized under the supervision of California State Bar.

65.   As part of PHILIP PUTMAN's participation in the LAP program, through its therapists LAP demanded PHILIP PUTMAN to submit to the arbitrary alcohol test based on anonymous report thus infringing on Plaintiff's constitutional protection.

66.   Putman agreed to submit to the alcohol test provided that LAP disclose the identity of the anonymous informant and the description of time and place of the alleged alcohol abuse.

67.   When LAP refused to disclose the identity of the "anonymous" informant, LAP violated Plaintiff's right to confront his accuser in violation of the California and U.S. Constitution.

68. LAP unilaterally amended its contract with the Plaintiff such that Plaintiff would be required to submit to random alcohol tests.

69. Plaintiff agreed to submit to the test on a condition that LAP disclose Plaintiff's accuser and the alleged alcohol use. Instead LAP terminated Plaintiff's participation in LAP.

70. By terminating PHILIP PUTMAN'S participation in LAP, LAP summarily concluded that PHILIP PUTMAN had failed to cooperate, thus violating Plaintiff's due process rights of the Fourteenth Amendment and violating Plaintiff's Sixth Amendment right to confront his accuser.

71. Plaintiff seeks an order declaring that LAP violated Plaintiff's right when it unilaterally, arbitrary and capriciously terminated Plaintiff from its program.

72. Plaintiff seeks damages for lost income, physical trauma and expense which Plaintiff had to expand while attending the LAP in the amount of $320,000.

### COUNT IV: BREACH OF CONTRACT

73. Plaintiff incorporates paragraphs 1 through 72 and each of them as if set forth in full.

74. LAP and Plaintiff entered into a written agreement on July 15, 2005 (Exhibit A).

75. According to the contract LAP would provide therapy sessions and Plaintiff would attend the therapy session.

76. Plaintiff would also pay the LAP $220 per months for the participation in the program.

77. Plaintiff continued his participation in the LAP program, fully complying with the terms of the agreement.

78. When LAP demanded Plaintiff to submit to alcohol testing based on information from an anonymous informant, Plaintiff conditionally refused, demanding to know the identity of the informant, date, and location of the alleged alcohol consumption.

79. LAP refused Plaintiff's request and attempted to unilaterally amend the contract agreement. (Exhibit B).

80. According to the proposed amendment Plaintiff would provide biological fluid samples as directed by the LAP.

81. When plaintiff proposed a change to the modified terms of the contract according to which Plaintiff would submit to the alcohol test following the disclosure of the identity of the informants, and description of place and time when Putman was allegedly observed to consume alcohol, LAP arbitrarily terminated Putman's participation in the program.

82. Due to Defendants' breach, Plaintiff cannot complete his agreement with the California State Bar, Plaintiff lost income and earning capacity during the time that Plaintiff performed his contractual obligations with the LAP.

83. Plaintiff expanded significant sum in paying for the LAP while attending the LAP.

84. Plaintiff lost income while performing his contractual obligations and attending LAP sessions.

85. Plaintiff lost income and suffered damages while responding to LAP's unilateral modification of a contract and being forced to appear at the LAP's office in Los Angeles, despite Plaintiff's poor health.

86. By unilaterally and capriciously terminating PHILIP

PUTMAN from LAP, LAP made interfered with the agreement between PHILIP PUTMAN and the Alternative Discipline Program.

87. Thus by terminating Plaintiff's LAP participation, LAP subjected Plaintiff to disciplinary proceeding which stemmed from Plaintiff's inability to complete the LAP program.

88. As a result Plaintiff suffered damages by having to defend against disciplinary proceeding in the State Bar Court, cause by LAP's termination of Plaintiff from their Program.

89. Plaintiff seeks damages in the amount of $320,000.

### COUNT V: BREACH OF FIDUCIARY DUTY

90. Plaintiff incorporates paragraphs 1 through 89 and each of them as if set forth in full.

91. LAP is a confidential professional program offering assistance to California attorneys experiencing problems with depression, stress or mental illness.

92. The goal of LAP as identified in its brochure is to provide support and therapy toward a recovery plan of the participant. (Exhibit C.)

93. Defendants Robert Gastelum, Pam Poley, Lisa Spendlove are licensed therapists and employees of the LAP program.

94. Defendants treated Plaintiff as a patient in the LAP program.

95. Defendants owed a fiduciary duty to the Plaintiff as his therapists not to cause Plaintiff additional undue physical, mental, and emotional distress.

96. Defendants breached their fiduciary duty when they subjected Plaintiff to defend his participation in the LAP program based on unfounded accusations of an anonymous

1  informant.

2     97.  Defendants further breached their duty when they

3  arbitrary and capriciously terminated Plaintiff's participation

4  in the therapy sessions, refused provide Plaintiff with

5  reasonable accommodation and instead required the Plaintiff.

6     98.  Plaintiff seeks monetary damages in the amount of

7  $320,000 because LAP arbitrary and capriciously terminated

8  Plaintiff's participation, prevented Plaintiff from successfully

9  completing his Alternative Discipline Program, submitted

10 Plaintiff to considerable expenses while Plaintiff attended LAP

11 and LAP and its therapists failed to provide therapeutic

12 services to the Plaintiff while Plaintiff attended LAP.

13               **COUNT VI: FRAUD AND MISREPRESENTATIONS**

14     99.  Plaintiff incorporates paragraphs 1 through 98 and

15 each of them as if set forth in full.

16     100. Plaintiff and Defendants entered into a written

17 agreement.

18     101. In the Agreement Plaintiff promised to attend LAP

19 sessions and pay the fees for participating in LAP.

20     102. Defendants promised to provide Plaintiff with therapy

21 sessions and help Plaintiffs in treating Plaintiff's depression.

22     103. The promises and representation in the agreement

23 between LAP and Putman were in fact false.

24     104. Rather than allowing PHILIP PUTMAN to participate in

25 the LAP, the evaluating committee attempted to unilaterally

26 change the terms of the agreement, and then terminated PHILIP

27 PUTMAN from the program.

28     105. Defendants represented to the Plaintiff that if

Plaintiff performed his obligations of the agreement, the Defendants would provide Plaintiff with the therapy sessions in the LAP.

106. These representations were false because while plaintiff performed he obligations specified in the Agreement with LAP, the Defendants terminated Plaintiff's participation in the program.

107. Plaintiff detrimentally relied on the terms of the agreement and dutifully attended and participated in LAP therapy sessions and paid his LAP fees.

108. When Defendants prematurely terminated Plaintiff's participation in the program Plaintiff suffered damages in excess of of $320,000.

**COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

109. Plaintiff incorporates paragraphs 1 through 108 and each of them as if set forth in full.

110. Defendants deprived Plaintiff of his Constitutional rights, subjected Plaintiff to physical, mental and emotional hardship when Defendants relying on uncorroborated anonymous informant accused Plaintiff of alcohol abuse and then terminated Plaintiff's participation in the LAP.

111. As a result of Defendants' malicious and oppressive conduct with total disregard for Plaintiff's rights, Plaintiff suffered server mental and emotional distress in the amount to be proven at trial.

///

///

///

## PUNITIVE DAMAGES

112. Plaintiff incorporates paragraphs 1 through 111 and each of them as if set forth in full.

113. Defendants committed the acts alleged therein with malice, fraud and oppression, in bad faith, with intent to injure Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover in addition to actual damages, damages to make an example of and to punish Defendants in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against all of the defendants, and each of them as follows:

1.   For declaratory and injunctive relief;

2.   For damages according to proof at the time of trial;

3.   For punitive and exemplary damages;

4.   For attorney's fees and cost of suit herein; and interest;

5.   Loss of income calculated at 200 LAP meeting for 4hrs per meeting while losing $400 per hour which equals to $320,000;

6.   For such other and further relief as the Court may deem proper.

///

///

///

///

///

## REQUEST FOR JURY

Plaintiff PHILIP PUTMAN hereby requests this Court for a trial by jury.


Dated: June 5, 2008                    Respectfully submitted,


_____
Philip A. Putman
Attorney Pro Se.

**EXHIBIT "A"**

**LODGED**

**CONFIDENTIAL**

JUL 15 2005

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT - LOS ANGELES

In the Matter of                         )
                                         )     **Case No. 02-O-10121-RAH**
**PHILIP ALLEN PUTMAN,**                 )
                                         )     **DECISION RE ALTERNATIVE**
**Member No. 51368,**                    )     **RECOMMENDATIONS FOR**
                                         )     **DEGREE OF DISCIPLINE**
A Member of the State Bar.               )     **[Rule 803(a), Rules Proc. of State Bar]**
                                         )

### INTRODUCTION

Respondent Philip Allen Putman ("Respondent") seeks to participate in the State Bar Court's Alternative Discipline Program for respondents with substance abuse or mental health issues. In furtherance of that participation, on December 21, 2004, and January 13, 2005, respectively, Respondent and the Office of the Chief Trial Counsel of the State Bar of California ("State Bar") executed a Stipulation Re Facts and Conclusions of Law ("Stipulation") in this proceeding. On February 28, 2005, Respondent submitted a fourth amended declaration regarding the nexus between his mental health issue and the charges in this matter. On April 1, 2005, Respondent submitted his brief setting forth his recommendations regarding the alternative levels of discipline that should be recommended to the Supreme Court in this proceeding. The State Bar submitted its brief regarding its recommended alternative levels of discipline on April 26, 2005.

Pursuant to rule 803(a) of the Rules of Procedure of the State Bar of California ("Rules of Procedure"), this Court is required to provide Respondent with a written statement regarding (1) the disposition that will be imposed or recommended to the Supreme Court in the event that Respondent is accepted into the Alternative Discipline Program and successfully completes the

1  Alternative Discipline Program; and (2) the disposition that will be imposed or recommended to

2  the Supreme Court in the event that Respondent is accepted into the Alternative Discipline

3  Program but does not successfully complete the Alternative Discipline Program.

4       This Court issues this Decision Re Alternative Recommendations for Degree of

5  Discipline pursuant to rule 803(a) of the Rules of Procedure.

6  **FACTS AND CONCLUSIONS OF LAW**

7  **A.**    **Jurisdiction**

8       Respondent was admitted to the practice of law in California on January 5, 1972, and has

9  been a member of the State Bar of California at all times since that date.[1]

10  **B.**    **State Bar Court Case No. 02-O-10121-RAH**

11       On October 28, 2001, Respondent sent a letter to Orange County Superior Court Judge

12  David H. Brickner ("Judge Brickner") demanding that he recuse himself for his conduct in case

13  no. 00CC10381, *Putman v. Azafrani, et al.*, which was then pending before Judge Brickner.  A

14  copy of the letter was also sent to opposing counsel, Stephen H. Beecher.

15       Subsequently, on November 27, 2001, Respondent filed a Notice of Motion to Recuse

16  Judge Brickner.  On December 20, 2001, Respondent filed a Supplement to the Motion to

17  Recuse.

18       Statements in the October 28, 2001, letter and subsequent motions were offensive and

19  accused Judge Brickner of criminal acts amounting to conspiracy, bribery and violations of the

20  judicial canons.

21       Said statements included:

22       (Regarding Judge Brickner):

23       "You are a disgusting, despicable, immoral, traitor to your 'oath', the California

24       Constitution and the United States Constitution, and you have violated the judicial

25       cannons [sic]."

26

27      [1]Pursuant to Evidence Code section 452, subdivision (h), the Court takes judicial notice
28  of the official membership records pertaining to Respondent which are maintained by the State
Bar of California.

1     (Regarding Judge Brickner and another judge):

2     "[the subject litigation has been] condoned by two arrogant, vicious, wako [sic]

3     'judges' who think they are beyond the law!!"

4

5     (Regarding Judges Brickner, Monarch and Chaffee):

6     ". . . these 3 terrorists have done <u>absolutely nothing</u> that they can be proud of."

7

8     "Why do these appointed, arrogant, political hacks think they can distort and corrupt the

9     concept of 'justice' [fn. omitted] in a process of JUDGEtice <u>injustice</u> and <u>evil</u>."

10

11     "The attitude seems to be 'if you screw with us judges we'll see that you <u>never</u> get justice

12     - we'll vote for evil rather than justice.' And so they do, in violation of the California and

13     United States Constitutions, the oath of office (if they even took it) and the judicial

14     cannons [sic]."

15

16     Respondent admitted that, by the foregoing statements wherein Respondent falsely

17 accused Judge Brickner of criminal acts of conspiracy and bribery, as well as acts in violation of

18 the judicial canons, which interfered with the orderly administration of justice and falsely created

19 the appearance of impropriety by the court, Respondent wilfully failed to maintain the respect

20 due to the courts of justice and judicial officers in violation of Business and Professions Code

21 section 6068(d).[2]

22     Respondent also admitted that by denigrating the honor or reputation of a judge or

23 judicial officer, and accusing a judge of conspiracy, bribery, violations of criminal law and the

24 judicial canons, without corroboration and for purposes of interfering with the orderly

25 administration of justice in reckless disregard of the truth and falsity of the statements,

26

27

28     [2]Unless otherwise indicated, all further references to sections refer to provisions of the Business and Professions Code.

1  Respondent committed an acts or acts involving moral turpitude, dishonesty or corruption in

2  wilful violation of section 6106.

3  ## MITIGATION AND AGGRAVATION

4  A.   **Aggravating Circumstances**

5  Respondent has a record of two prior impositions of discipline. (Rules Proc. of State Bar,

6  tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, standard 1.2(b)(i) ("standard").)[3]

7  Effective February 25, 1995, Respondent was privately reproved by the State Bar of

8  California in Case No(s). 92-O-10820; 93-O-17134 (Cons.) for violating rule 1-320(A) of the

9  Rules of Professional Conduct of the State Bar of California[4] by wilfully sharing legal fees,

10  whether directly or indirectly, with a person not licensed to practice law, and for violating section

11  6068(m) and rules 3-110(A), former rule 3-110(A) and 3-700(D)(1) by failing to perform and

12  communicate and failing to return medical records at a client's request.

13  Effective October 27, 2000, in Supreme Court matter S090156 (State Bar Court Case No.

14  95-O-16163; 96-H-03466 (Cons.), the Supreme Court suspended Respondent from the practice

15  of law for nine months, stayed execution of that suspension, and placed Respondent on probation

16  for two years subject to conditions of probation, including a 90-day period of actual suspension,

17  for wilfully violating rule 1-110(A) by violating a condition of an earlier private reproval by

18  failing to timely file six quarterly reports and by violating sections 6103 and 6068(o)(3) by

19  failing to comply with a court order regarding payment of a non-discovery sanction and by failing

20  to report the sanction to the State Bar, respectively.

21  Although the parties stipulated that Respondent's misconduct also significantly harmed

22  the administration of justice, the Court declines to consider this as an aggravating circumstance,

23  as harm to the administration of justice is inherent in Respondent's violation of section 6068(d)

24  and thus would be duplicative. (Cf. *In the Matter of Hunter* (Review Dept. 1994) 3 Cal. State

25  

26  [3]Pursuant to Evidence Code section 452, subdivision (d), the Court takes judicial notice
27  of Respondent's prior record of discipline.

28  [4]Unless otherwise indicated, all further references to rules refer to the Rules of
Professional Conduct of the State Bar of California.

Bar Ct. Rptr. 63, 76.)

**B.    Mitigating Circumstances**

The parties have stipulated that Respondent was candid and cooperative with the State Bar during its investigation of his misconduct and during disciplinary proceedings. (Standard 1.2(e)(v).)

Finally, the parties have stipulated that: (1) at the time of his misconduct, Respondent suffered extreme emotional difficulties which expert testimony would establish were directly responsible for the misconduct; (2) the difficulties were not the product of any illegal conduct by the member; and (3) Respondent no longer suffers from such difficulties. Respondent entered into a long-term participation agreement with the Lawyer Assistance Program ("LAP") on March 30, 2004, and has been and remains in compliance with his participation agreement. While this court is encouraged by Respondent's participation in the LAP and by his compliance with its requirements to date, it is the successful *completion* of the LAP and the Alternative Discipline Program that is entitled to weight as a mitigating circumstance. Respondent's current compliance with LAP conditions is commendable, but is not entitled to mitigating weight.

## DETERMINATION OF NEXUS

The Court has reviewed both Respondent's fourth amended declaration executed on February 24, 2005, and outpatient records of the V.A. Hospital in Long Beach. The medical records indicate that Respondent has recurrent major depressive disorder and has also abused alcohol. He also has several other health problems, including uncontrolled type II diabetes.

In his own declaration, Respondent noted that in October 1999, while engaged in litigation with two former partners and another individual, Respondent unilaterally stopped using the psychotropic medicines the psychiatrists had ordered Respondent to take due to continued difficulties he was having in this litigation. Respondent believed that he was handling these difficulties well enough; however, he really was not handling these difficulties well. Thus, when Judge Brickner ruled against Respondent on summary judgment, Respondent became quite irate and angry and wrote the offending letter to Judge Brickner.

Based upon the records of the V.A. Hospital in Long Beach and the declaration submitted

1    by Respondent, the Court finds sufficient evidence of a nexus between Respondent's mental

2    health issue and his misconduct in this proceeding.

3                                **DEGREE OF DISCIPLINE**

4        The purpose of State Bar disciplinary proceedings is not to punish the attorney but, rather,

5    to protect the public, to preserve public confidence in the legal profession and to maintain the

6    highest possible professional standards for attorneys. (*Chadwick v. State Bar* (1989) 49 Cal.3d

7    103, 111.)

8        Standard 2.3 of the Standards for Attorney Sanctions for Professional Misconduct

9    provides that culpability of a member of an act of fraud, moral turpitude or intentional dishonesty

10    shall result in disbarment or actual suspension depending upon the extent to which the victim of

11    the misconduct is misled or harmed and depending upon the magnitude of the act of misconduct

12    and the degree to which the misconduct relates to the member's acts within the practice of law.

13        Standard 2.6 provides that culpability of a member of a violation of section 6068 shall

14    result in suspension or disbarment depending on the gravity of the offense or the harm, if any, to

15    the victim, with due regard to the purposes of imposing discipline.

16        On April 1, 2005, Respondent filed his discipline recommendation in this matter.

17    Respondent contends that the minimum discipline he should receive is a private reproval with no

18    period of probation, and that the maximum discipline he should receive is a public reproval with

19    a very short period of probation.  Respondent cites no authority in support of his disciplinary

20    recommendations.

21        On April 26, 2005, the State Bar filed its brief regarding its recommended levels of

22    discipline in this matter. The State Bar recommended that if Respondent successfully completes

23    the Alternative Discipline Program, Respondent should be suspended from the practice of law for

24    two years and until he provides satisfactory proof to the State Bar Court of his rehabilitation,

25    fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii) of the

26    Standards for Attorney Sanctions for Professional Misconduct, that execution of said suspension

27    be stayed, and that Respondent be placed on probation for five years with certain conditions.

28    However, in the event Respondent did not successfully complete the Alternative Discipline

1    Program, the State Bar recommends that Respondent be suspended from the practice of law for

2    two years and until he provides satisfactory proof to the State Bar Court of his rehabilitation,

3    fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii) of the

4    Standards for Attorney Sanctions for Professional Misconduct, that execution of said suspension

5    be stayed, and that Respondent be placed on probation with conditions for five years, and that he

6    be actually suspended from the practice of law for six months.

7           In support of its disciplinary recommendation, the State Bar cites *Ramirez v. State Bar*

8    (1980) 28 Cal.3d 402. In *Ramirez*, the Supreme Court suspended the respondent from the

9    practice of law for one year; stayed execution of said suspension, and placed the respondent on

10   probation for one year with a 30-day period of actual suspension based on statements maligning

11   certain justices in a reply brief filed in the federal court of appeals and on statements maligning

12   Court of Appeal justices found a petition for writ of certiorari filed in the United States

13   Supreme Court. The State Bar recommends that significantly greater discipline than that

14   imposed in *Ramirez* be imposed in this matter based on Respondent's record of two prior

15   impositions of discipline.

16          After reviewing and considering the stipulated findings of facts and conclusions of law,

17   the mitigating and aggravating circumstances in this matter, and the *Ramirez* case, the Court

18   finds that in the event Respondent does not successfully complete the Alternative Discipline

19   Program, the discipline recommendation in this matter should be greater than that in *Ramirez*, in

20   light of Respondent's two prior disciplinary matters and the fact that Respondent was on

21   probation for an earlier disciplinary offense at the time he committed the misconduct in this

22   matter.

23          Furthermore, the Court finds that should Respondent successfully complete the

24   Alternative Discipline Program, the appropriate discipline recommendation should be less than

25   that imposed in *Ramirez* or recommended by the State Bar in its discipline brief. The Court's

26   decision is based not only on the mitigating credit which will be given based on Respondent's

27   successful completion of the Alternative Discipline Program, but by the fact that the Court finds

28

7

1  that Respondent now understands the wrongfulness of his actions and is remorseful[5] about his

2  conduct.

3        The Court therefore concludes that the alternative levels of disposition set forth below are

4  appropriate in this matter.

## ALTERNATIVE DISCIPLINARY RECOMMENDATIONS

**A.    Successful Completion of the Alternative Discipline Program**

7        In accordance with applicable Supreme Court case law, mental health problems or

8  extreme emotional difficulties are a mitigating factor where expert testimony establishes that the

9  mental health problems or emotional difficulties were directly responsible for the misconduct,

10  provided that the attorney also has established, through clear and convincing evidence that he no

11  longer suffers from the mental health problems or emotional difficulties. (*Porter v. State Bar*

12  (1990) 52 Cal.3d 518, 527; *In re Naney* (1990) 51 Cal.3d 186, 197; *In re Lamb* (1989) 49 Cal.3d

13  239, 246.)

14        The documentation reviewed by the Court establishes that Respondent has a mental

15  health problem (recurrent major depressive disorder) and that there is a causal connection

16  between that mental health problem and the stipulated misconduct in this proceeding.

17  Respondent's successful completion of the Alternative Discipline Program will qualify as the

18  clear and convincing evidence that he no longer suffers from the mental health problem.

19        Accordingly, upon this Court's written finding that Respondent has successfully

20  completed this Alternative Discipline Program, the Court will impose the following degree of

21  discipline:

22        **IT IS HEREBY ORDERED** that Respondent **PHILIP ALLEN PUTMAN** is hereby

23  publicly reproved.  Pursuant to the provisions of rule 270(a) of the Rules of Procedure of the

24  State Bar of California, the public reproval will be effective when this decision becomes final.

25  Furthermore, pursuant to rule 956(a) of the California Rules of Court and rule 271 of the Rules of

26  Procedure, the Court finds that the interests of Respondent and the protection of the public will

27

28        [5]On January 11, 2005, Respondent sent a letter of apology to Judge Brickner.

be served by the following specified conditions being attached to the public reproval imposed in this matter. Failure to comply with any conditions attached to this reproval may constitute cause for a separate proceeding for wilful breach of rule 1-110 of the Rules of Professional Conduct. Respondent is hereby ordered to comply with the following conditions[6] attached to his public reproval for a period of four years following the effective date of the public reproval imposed in this matter:

1.   During the condition period, Respondent must comply with the provisions of the State Bar Act and the Rules of Professional Conduct;

2.   Within thirty (30) days after the effective date of the public reproval, Respondent must contact the State Bar's Office of Probation and schedule a meeting with Respondent's assigned probation deputy to discuss these terms and conditions of the public reproval. Upon the direction of the Office of Probation, Respondent must meet with the probation deputy either in-person or by telephone. During the condition period, Respondent must promptly meet with the probation deputy as directed and upon request;

3.   Within ten (10) calendar days of any change in the information required to be maintained on the membership records of the State Bar pursuant to Business and Professions Code section 6002.1, subdivision (a), including his current office address and telephone number, Respondent must report such change in writing to both the Office of Probation and to the Membership Records Office of the State Bar;

4.   Respondent must comply with all provisions and conditions of his Participation Agreement with the Lawyer Assistance Program ("LAP") and must immediately report any non-compliance to the Office of Probation. Respondent must provide an appropriate waiver authorizing the LAP to provide the Office of Probation and this Court with information regarding the terms and conditions of Respondent's participation in the LAP and his compliance or non-compliance with LAP requirements. Revocation of the

---

[6]See rule 271, Rules of Proc. of State Bar (motions to modify conditions attached to reprovals are governed by rules 550-554 of the Rules of Procedure of the State Bar of California).

1    written waiver for release of LAP information is a violation of this condition;

2  5.  Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10 and October 10 of the condition period attached to the public reproval. Under penalty of perjury, Respondent must state in each report whether he has complied with the State Bar Act, the Rules of Professional Conduct and all conditions of the reproval during the preceding calendar quarter. If the first report will cover less than thirty (30) calendar days, that report must be submitted on the reporting date for the next calendar quarter and must cover the extended period. In addition to all quarterly reports, Respondent must submit a final report, containing the same information required by the quarterly reports. The final report must be submitted no earlier than twenty (20) calendar days before the last day of the condition period attached to the reproval and no later than the last day of the condition period attached to the reproval;

13  6.  Subject to the assertion of applicable privileges, Respondent must answer fully, promptly and truthfully, all inquiries of the Office of Probation which are directed to him personally or in writing relating to whether Respondent is complying or has complied with the conditions of his reproval;

17  7.  Within one year after the effective date of the discipline herein, Respondent must provide the Office of Probation with satisfactory proof of his attendance at a session of State Bar Ethics School, given periodically by the State Bar at either 180 Howard Street, San Francisco, California, 94105-1639, or 1149 South Hill Street, Los Angeles, California, 90015, and passage of the test given at the conclusion of that session. Arrangements to attend Ethics School must be made in advance by calling (213) 765-1287, and paying the required fee. This requirement is separate from any Minimum Continuing Legal Education Requirement ("MCLE"), and Respondent will not receive MCLE credit for attending Ethics School (Rules Proc. of State Bar, rule 3201).

26    It is further ordered that costs be awarded to the State Bar pursuant to Business and Professions Code section 6086.10, and that such costs be enforceable in accordance with Business and Professions Code sections 6086.10, subdivision (a), and 6140.7.

**B.** <u>Termination From or Failure to Successfully Complete the Alternative Discipline</u>
<u>Program</u>

In the event Respondent is terminated from the Alternative Discipline Program because of his non-compliance with Alternative Discipline Program requirements and conditions, he will not be found to no longer suffer from his mental health problem.  Therefore, in light of the applicable case law and the stipulated facts and conclusions of law, as well as the extent of the aggravating circumstances in this matter and the minimal evidence in mitigation, the Court concludes that the imposition of significant discipline is appropriate.

Therefore, upon the Court's written finding that Respondent has been terminated from the Alternative Discipline Program as a result of his failure to comply with the terms and conditions of the Alternative Discipline Program, the Court will recommend to the Supreme Court the imposition of the following discipline:

**IT IS HEREBY RECOMMENDED** that Respondent **PHILIP ALLEN PUTMAN** be suspended from the practice of law in the State of California for a period of two years and until he has shown proof satisfactory to the State Bar Court of his rehabilitation, fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii) of the Standards for Attorney Sanctions for Professional Misconduct, that execution of such suspension be stayed, and that Respondent be placed on probation for a period of five years on the following conditions:

1.   Respondent must be actually suspended from the practice of law for the first six months of the period of probation;

2.   Respondent must comply with the provisions of the State Bar Act and the Rules of Professional Conduct;

3.   Within thirty (30) days after the effective date of discipline, Respondent must contact the State Bar's Office of Probation and schedule a meeting with Respondent's assigned probation deputy to discuss these terms and conditions of probation.  Upon the direction of the Office of Probation, Respondent must meet with the probation deputy either in-person or by telephone.  During the period of probation, Respondent must promptly meet

1        with the probation deputy as directed and upon request;

2    4.    Within ten (10) calendar days of any change in the information required to be maintained

3        on the membership records of the State Bar pursuant to Business and Professions Code

4        section 6002.1, subdivision (a), including his current office address and telephone

5        number, Respondent must report such change in writing to both the Office of Probation

6        and to the Membership Records Office of the State Bar;

7    5.    Unless Respondent was terminated from the Lawyer Assistance Program prior to his

8        successful completion of the Lawyer Assistance Program, Respondent must comply with

9        all provisions and conditions of his Participation Agreement with the Lawyer Assistance

10       Program ("LAP") and must immediately report any non-compliance to the Office of

11       Probation.  Respondent must provide an appropriate waiver authorizing the LAP to

12       provide the Office of Probation and this Court with information regarding the terms and

13       conditions of Respondent's participation in the LAP and his compliance or non-

14       compliance with LAP requirements.  Revocation of the written waiver for release of LAP

15       information is a violation of this condition;

16    6.    If Respondent was terminated from the Lawyer Assistance Program prior to his

17       successful completion of the Lawyer Assistance Program, Respondent shall obtain

18       psychiatric or psychological help/treatment from a duly licensed psychiatrist, psychologist

19       or clinical social worker at Respondent's own expense a minimum of two times per

20       month, and shall furnish evidence to the Office of Probation that Respondent is so

21       complying with each quarterly report. Help/treatment should commence immediately, and

22       in any event, no later than thirty (30) days after the effective date of the discipline in this

23       matter. Treatment shall continue for the period of probation or until a motion to modify

24       this condition is granted and that ruling becomes final.

25           If the treating psychiatrist, psychologist or clinical social worker determines that

26       there has been a substantial change in Respondent's condition, Respondent or the Office

27       of the Chief Trial Counsel may file a motion for modification of this condition with the

28       Hearing Department of the State Bar Court, pursuant to rule 550 of the Rules of

Procedure of the State Bar. The motion must be supported by a written statement from the psychiatrist, psychologist, or clinical social worker, by affidavit or under penalty of perjury, in support of the proposed modification.

Upon the request of the Office of Probation, Respondent shall provide the Office of Probation with medical waivers and access to all of Respondent's medical records. Revocation of any medical waiver is a violation of this condition. Any medical records obtained by the Office of Probation shall be confidential and no information concerning them or their contents shall be given anyone except members of the Office of the Chief Trial Counsel, the Office of Probation, and the State Bar Court, who are directly involved with maintaining, enforcing or adjudicating this condition.

7. Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10 and October 10 of the period during which these probation conditions are in effect. Under penalty of perjury, Respondent must state in each report whether he has complied with the State Bar Act, the Rules of Professional Conduct and all conditions of probation during the preceding calendar quarter. If the first report will cover less than thirty (30) calendar days, that report must be submitted on the reporting date for the next calendar quarter and must cover the extended period. In addition to all quarterly reports, Respondent must submit a final report, containing the same information required by the quarterly reports. The final report must be submitted no earlier than twenty (20) calendar days before the last day of the period of probation and no later than the last day of the probation period;

8. Subject to the assertion of applicable privileges, Respondent must answer fully, promptly and truthfully, all inquiries of the Office of Probation which are directed to him personally or in writing relating to whether Respondent is complying or has complied with the conditions of his probation;

9. Within one year after the effective date of the discipline herein, Respondent must provide the Office of Probation with satisfactory proof of his attendance at a session of State Bar Ethics School, given periodically by the State Bar at either 180 Howard Street, San

1      Francisco, California, 94105-1639, or 1149 South Hill Street, Los Angeles, California,

2      90015, and passage of the test given at the conclusion of that session.  Arrangements to

3      attend Ethics School must be made in advance by calling (213) 765-1287, and paying the

4      required fee.  This requirement is separate from any Minimum Continuing Legal

5      Education Requirement ("MCLE"), and Respondent will not receive MCLE credit for

6      attending Ethics School (Rules Proc. of State Bar, rule 3201).

7   10.    These probation conditions will commence on the effective date of the Supreme Court's

8      final disciplinary order in this proceeding;

9   11.    At the expiration of the period of this probation, if Respondent has complied with all the

10     terms of probation, the order of the Supreme Court suspending Respondent from the

11     practice of law for two years and until he has shown proof satisfactory to the State Bar

12     Court of his rehabilitation, fitness to practice and learning and ability in the general law

13     pursuant to standard 1.4(c)(ii) of the Standards for Attorney Sanctions for Professional

14     Misconduct will be satisfied and that suspension will be terminated.

15        The Court also recommends that Respondent be required to take and pass the Multistate

16  Professional Responsibility Examination ("MPRE"), administered by the National Conference of

17  Bar Examiners, within one year after the effective date of the Supreme Court's final disciplinary

18  order in this proceeding and that he be ordered to provide satisfactory proof of his passage of the

19  MPRE to the Office of Probation within said year.

20        It is further recommended that Respondent be ordered to comply with the requirements of

21  rule 955 of the California Rules of Court and that he be ordered to perform the acts specified in

22  subdivisions (a) and (c) of that rule within thirty (30) and forty (40) calendar days, respectively,

23  after the effective date of the Supreme Court's final disciplinary order in this proceeding.

24        The Court further recommends that costs be awarded to the State Bar pursuant to

25  Business and Professions Code section 6086.10, and that such costs be enforceable in accordance

26  with Business and Professions Code sections 6086.10, subdivision (a), and 6140.7.

27        **IT IS HEREBY ORDERED** that the Clerk promptly serve this Decision Re Alternative

28  Recommendations for Degree of Discipline on the parties; however, the Decision will not be

1   filed until further order of this Court based upon the Court's written finding that Respondent has

2   either successfully completed the Alternative Discipline Program or has been terminated from the

3   Alternative Discipline Program;

4       **IT IS FURTHER ORDERED** that, in the event that Respondent does not sign the

5   Contract and Waiver for Participation in the State Bar Court's Program for Respondent's with

6   Substance Abuse or Mental Health Issues or is not accepted into the Alternative Discipline

7   Program, both this Decision Re Alternative Recommendations for Degree of Discipline and the

8   Stipulation Re Facts and Conclusions of Law executed by Respondent on December 21, 2004,

9   and by Deputy Trial Counsel Charles A. Murray on January 13, 2005, will be vacated and will

10  not be binding upon either the Court or the parties in the trial or other disposition of this

11  proceeding.

12

13

14

15

16  Dated: July 15, 2005

    RICHARD A. HONN
    Judge of the State Bar Court

17

18

19

20

21

22

23

24

25

26

27

28

Hearing Department: ☒ Los Angeles   ☐ San Francisco
PILOT PROGRAM FOR RESPONDENTS WITH SUBSTANCE ABUSE AND MENTAL HEALTH ISSUES

| Counsel for the State Bar | Case Number(s) | (for Court use) |
|---|---|---|
| THE STATE BAR OF CALIFORNIA OFFICE OF THE CHIEF TRIAL COUNSEL CHARLES A. MURRAY No. 146069 1149 South Hill Street, 9th Floor Los Angeles, California 90015-2299 Telephone: (213) 765-1000 | 02-O-10121-RAH | **ORIGINAL LODGED** JUL 15 2005 STATE BAR COURT CLERK'S OFFICE LOS ANGELES |
| Counsel for Respondent Philip Allen Putman Offices of Philip A. Putman 17401 Nichols Street, Suite C Huntington Beach, CA 92647 (714) 848-5297 | **CONFIDENTIAL** | |

| In the Matter of | Submitted to Pilot Program Judge |
|---|---|
| Philip Allen Putman | STIPULATION RE FACTS AND CONCLUSIONS OF LAW |
| Bar #     51368 | |
| A Member of the State Bar of California (Respondent) | ☐   PREVIOUS STIPULATION REJECTED |

A.   **Parties' Acknowledgments:**

(1) Respondent is a member of the State Bar of California, admitted _____January 5, 1972_____
(Date)

(2) The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition (to be attached separately) are rejected or changed by the Supreme Court. However, if Responder is not accepted into the Lawyer Assistance Program, this stipulation will be rejected and will not be binding on Respondent or the State Bar.

(3) All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation and are deemed consolidated. Dismissed charge(s)/count(s) are listed under "Dismissals." This stipulation consists of ___**7**___ pages.

(4) A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts".
SEE ATTACHMENT

(5) Conclusions of law, drawn from and specifically referring to the facts, are also included under "Conclusions of Law."
SEE ATTACHMENT

(6) No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(7) Payment of Disciplinary Costs–Respondent acknowledges the provisions of Bus. & Prof. Code §§ 6086.10 & 6140.7 and will pay timely any disciplinary costs imposed in this proceeding.

Note: All information required by this form and any additional information which cannot be provided in the space provided, shall be s forth in the text component (attachment) of this stipulation under specific headings, i.e., "Facts", "Dismissals", "Conclusions of La

(1) ☒ Prior Record of Discipline [see standard 1.2(f)]    *see page 6*

     (a) ☒ State Bar Court Case # of prior case ___See attachment___

     (b) ☒ Date prior discipline effective _____ See attachment___

     (c) ☒ Rules of Professional Conduct/State Bar Action violations __See attachment__

     (d) ☒ Degree of prior discipline _____See attachment___

     (e) ☒ If Respondent has two or more incidents of prior discipline, use space provided below or under "Prior Discipline"

(2) ☐ Dishonesty: Respondent's misconduct was surrounded by or followed by bad faith, dishonesty, concealment, overreaching or other violations of the State Bar Act or Rules of Professional Conduct.

(3) ☐ Trust violation: Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property.

(4) ☒ Harm: Respondent's misconduct harmed significantly a client, the public or the administration of justice.

(5) ☐ Indifference: Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(6) ☐ Lack of Cooperation: Respondent displayed a lack of candor and cooperation to the victims of his/her misconduct or the State Bar during disciplinary investigation or proceedings.

(7) ☐ Multiple/Pattern of Misconduct: Respondent's current misconduct evidences multiple acts of wrong doing or demonstrates a pattern of misconduct.

(8) ☐ No aggravating circumstances are involved.

Additional aggravating circumstances:

       SEE ATTACHMENT

(1) ☐ No Prior Discipline: Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not deemed serious.

(2) ☐ No Harm: Respondent did not harm the client or person who was the object of the misconduct.

(3) ☒ Candor/Cooperation: Respondent displayed spontaneous candor and cooperation to the ~~victims of his/her misconduct and to the~~ State Bar during disciplinary investigation and proceedings.

(4) ☐ Remorse: Respondent promptly took objective steps spontaneously demonstrating remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/her misconduct.

(5) ☐ Restitution: Respondent paid $ _____ on _____ in restitution to _____ without the threat of force of disciplinary, civil or criminal proceedings.

(6) ☐ Delay: These disciplinary proceedings were excessively delayed. The delay is not attributable to Respondent and the delay prejudiced him/her.

(7) ☐ Good Faith: Respondent acted in good faith.

(8) ☒ Emotional/Physical Difficulties: At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical disabilities which expert testimony would establish were directly responsible for the misconduct. The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drugs or substance abuse, and Respondent no longer suffers from such difficulties or disabilities.

(9) ☐ Severe Financial Stress: At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(10) ☐ Family Problems: At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(11) ☐ Good Character: Respondent's good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.

(12) ☐ Rehabilitation: Considerable time has passed since the acts of professional misconduct occurred followed by convincing proof of subsequent rehabilitation.

(13) ☐ No mitigating circumstances are involved.

Additional mitigating circumstances:

Respondent enters into this stipulation as a condition of his/her participation in the Pilot Program. Respondent understands that he/she must abide by all terms and conditions of Respondent's Pilot Program Contract.

If the Respondent is not accepted into the Pilot Program or does not sign the Pilot Program contract, this Stipulation will be rejected and will not be binding on Respondent or the State Bar.

If the Respondent is accepted into the Pilot Program, upon Respondent's successful completion of or termination from the Program, this Stipulation will be filed and the specified level of discipline for successful completion of or termination from the Program as set forth in the State Bar Court's Statement Re: Discipline shall be imposed or recommended to the Supreme Court.

| 12-21-04 | | Philip Allen Putman |
|---|---|---|
| Date | Respondent's Signature | Print Name |

| 1-13-05 | | |
|---|---|---|
| Date | Respondent's Counsel Signature | Print Name |

| 1-13-05 | | Charles A. Murray |
|---|---|---|
| Date | Deputy Trial Counsel's Signature | Print Name |

## ATTACHMENT TO
## STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION

IN THE MATTER OF:      **PHILIP ALLEN PUTMAN**, State Bar No. 51368
CASE NUMBER:            02-O-10121

**FACTS:**      Respondent admits that the following facts are true and that he is culpable of
violations of the specified statues:

On October 28, 2001, Respondent sent a letter to Orange County Superior Court Judge
David H. Brickner ("Judge Brickner") demanding that he recuse himself for his conduct in case
no. 00CC10381, *Phillip A. Putman v. Gilbert Azafrani, et al., which was then pending before
Judge Brickner.* A copy of the letter was also sent to opposing counsel, Stephen H. Beecher.

Subsequently on November 27, 2001, Respondent filed a Notice of Motion to Recuse
Judge Brickner. On December 20, 2001, Respondent filed a Supplement to the Motion to
Recuse.

Statements in the October 28, 2001 letter and subsequent motions were offensive and
accused Judge Brickner of criminal acts amounting to conspiracy, bribery and violations of the
judicial canons.

Said statements included:

[re Judge Brickner] "You are a disgusting, despicable, immoral, traitor to your 'oath',
the California Constitution and the United States Constitution, and you have violated the judicial
cannons."

[re Judges Brickner and another Judge] "[the subject litigation has been] condoned by
two arrogant, vicious, wako (sic) "judges"who think they are beyond the law."

[re Judges Brickner, Monarch and Chaffee]

"...these 3 terrorists have done <u>absolutely nothing</u> that they can be proud of."

"Why do these appointed, arrogant, political hacks think they can distort and
corrupt the concept of "justice" in a process of JUDGEtice <u>injustice</u> and <u>evil</u>."

"The attitude seems to be"if you screw with us judges we'll see that you <u>never</u> get
justice - we'll vote for evil rather than justice." And so they do, in violation of
the California and United States Constitutions, the oath of office (if they even
took it) and the judicial cannons."

## CONCLUSIONS OF LAW:

By the foregoing statements, wherein Respondent falsely accused Judge Brickner of criminal acts of conspiracy and bribery, as well as acts in violation of the judicial canons, interfered with the orderly administration of justice, and falsely created the appearance of impropriety by the court, Respondent wilfully failed to maintain the respect due to the courts of justice and judicial officers, a violation of Business and Professions Code section 6068(d).

By denigrating the honor or reputation of a judge or judicial officer, and accusing a judge of conspiracy, bribery, violations of criminal law and the judicial canons, without corroboration, and for purposes of interfering with the orderly administration of justice in reckless disregard of the truth and falsity of the statements, Respondent committed and act or acts involving moral turpitude, dishonesty or corruption, in wilful violation of Business and Professions Code 6106.

## AGGRAVATING CIRCUMSTANCES.

Prior Discipline:

Case No. S090156 (95-O-16163/96-H-03466 (Cons.)): Effective: October 27, 2000.

Violations: Business and Professions Code sections 6103 and 6068(o)(3) and Rules of Professional Conduct section 1-110. In one consolidated matter, Respondent failed to comply with a court order regarding payment of a $1,500 non-discovery sanction. Respondent also failed to report the sanction to the State Bar. In the other consolidated matter, Respondent violated a condition of a former private reproval requiring that he file quarterly reports with the Office of Probation on certain specified dates. Respondent filed six late quarterly reports.

Degree of prior discipline: Nine months suspension stayed, 90 days actual, 2 years probation with conditions, Rule 955 and MPRE within one year.

Second Prior Discipline:

Case No. 92-O-10820/93-O-17134 (Cons.): Effective February 25, 1995.

Violations: Rules of Professional Conduct section 1-320(A), Business and Professions Code section 6068(m) and Rules of Professional Conduct sections 3-110(A), 3-700(D)(1) and 3-110(A) of the former Rules of Professional Conduct (effective May 27, 1989). In one consolidated matter, Respondent shared legal fees, whether directly or indirectly, with a person not licensed to practice law. In the other consolidated matter, it was found that Respondent failed to perform and communicate, and also that he failed to return medical records at the clients request.

Degree of prior discipline: Private Reproval (public disclosure) and MPRE within 1 year.

ORDER

Finding this stipulation to be fair to the parties, IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without prejudice, and:

☐   The stipulation as to facts and conclusions of law is APPROVED.


☒   The stipulation as to facts and conclusions of law is APPROVED AS MODIFIED as set forth below.

    1.    Delete the "x" in the box next to paragraph B.(4) on page 2; and
    2.    Delete the "x" in the box next to paragraph C.(8) on page 3.



The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify the stipulation, filed within 15 days after service of this order, is granted; 2) this court modifies or further modifies the approved stipulation; or 3) Respondent is not accepted for participation in the Pilot Program or does not sign the Pilot Program Contract. (See rules 135(b) and 802(b), Rules of Procedure.)

The effective date of the disposition is the effective date of the Supreme Court order herein, normally 30 days after the file date of the Supreme Court Order. (See rule 953(a), California Rules of Court.)

_July 15, 2005_
Date

_RICHARD A. HONN_
Judge of the State Bar Court

**RICHARD A. HONN**

**LODGED**

**CONFIDENTIAL**

JUL 15 2005
STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

# CONTRACT AND WAIVER FOR PARTICIPATION IN THE STATE BAR COURT'S PROGRAM FOR RESPONDENTS WITH SUBSTANCE ABUSE OR MENTAL HEALTH ISSUES

This Contract and Waiver for Participation in the State Bar Court's Program for Respondents with Substance Abuse or Mental Health Issues (hereinafter "Contract" or "Program Contract") is entered into by Respondent **PHILIP ALLEN PUTMAN** (hereinafter "Respondent") on the date set forth at the end of this Contract.

By executing this Contract, Respondent specifically states and agrees as follows:

1. Respondent acknowledges that the following attorney disciplinary proceedings and/or disciplinary investigation matters are currently pending against him:

### 02-O-10121

2. Respondent desires to enter into and participate in the State Bar Court's Program for Respondents with Substance Abuse or Mental Health Issues (hereinafter "Program") and agrees to comply with all of the terms of this Contract and with such other requirements as may be imposed by the State Bar Court Program Judge (hereinafter "Program Judge").

3. Respondent has entered into a Stipulation as to Facts and Conclusions of Law which fully resolves the disciplinary proceedings and/or investigations identified in paragraph 1 above. Respondent understands and agrees that the Stipulation as to Facts and Conclusions of Law will be binding upon Respondent in the event that he is accepted into the Program and will be filed with the State Bar Court and made public at such time as Respondent either successfully completes the Program or is terminated from the Program.

4. Based upon the facts, conclusions of law and mitigating and aggravating circumstances as set forth in the Stipulation as to Facts and Conclusions of Law, the Program Judge has provided Respondent, in writing, with alternative disciplinary recommendations. Respondent acknowledges and agrees that the lower level of disposition or discipline will be imposed or, as appropriate, will be

recommended to the California Supreme Court in the event that the Program Judge subsequently finds, in a written order, that Respondent has successfully completed the Program. Alternatively, Respondent acknowledges and agrees that the higher level of discipline will be imposed or, as appropriate, will be recommended to the California Supreme Court in the event that the Program Judge subsequently finds, in a written order, that Respondent has ceased to participate in or has been terminated from the Program.

5.  Respondent understands that eligibility for participation in the Program is contingent upon acceptance and participation in the Lawyer Assistance Program (hereinafter "LAP"). Respondent agrees to comply with all terms and conditions set forth by the LAP. Respondent understands that, if his participation in the LAP is terminated without successfully completing the LAP, Respondent's participation in the Program will be terminated and discipline will be imposed or recommended as set forth in paragraph 4 above.

6.  Respondent agrees to sign a waiver authorizing the LAP to release information to the Program regarding his participation in the LAP and the progress of Respondent's treatment. Any information released by the LAP shall not be utilized by the Office of the Chief Trial Counsel for any disciplinary prosecution but may be considered by the Program Judge in setting and/or modifying the terms of Respondent's participation in the Program. The information released by the LAP may also be utilized in determining whether Respondent has successfully completed the Program or, alternatively, whether Respondent should be terminated from further participation in the Program.

7.  Respondent agrees to provide the Program Judge with copies of the LAP Participation Agreement and with such periodic evaluation report(s) from treatment professional(s) that are prepared in the course of Respondent's participation in the LAP.

8.  Respondent agrees that the State Bar Court may provide to the Office of Probation and to the Client Security Fund such information as the Court deems necessary or appropriate to enable the Office of Probation to effectively monitor Respondent's compliance with Program conditions or to enable the Client Security Fund to process any application for reimbursement by the Fund.

9.  Respondent stipulates and agrees that, whether or not a formal disciplinary proceeding against him has been filed in the State Bar Court, the Court has jurisdiction to consider Respondent's request to participate in the Program and to

make all necessary or appropriate orders relating to the underlying disciplinary matter, the processing of Respondent's Program application and the imposition of any conditions upon Respondent's practice.

10.     Respondent understands that, during his participation in the Program, Respondent may be ordered by the Program Judge to perform various acts and/or to comply with specified conditions for the purpose of permitting the Program Judge to oversee and monitor Respondent's compliance with the Program and assess the degree to which Respondent's continued practice of law, if any, may pose a threat of harm to the public or to Respondent's clients. These acts or conditions may include, but are not limited to (a) submitting periodic written reports to the State Bar's Probation Unit or to the Program Judge; (b) developing a law office management plan; (c) attending State Bar Ethics School; (d) taking Mandatory Continuing Legal Education courses; and (e) responding to inquiries from the Program Judge and/or the Probation Unit. Respondent agrees that he will comply with the Program Judge's orders and acknowledges that his failure to do so may constitute grounds for terminating Respondent's continued participation in the Program.

11.     Respondent acknowledges and agrees that the length of his participation in the Program is discretionary with the State Bar Court. The basic term of Respondent's participation in the Program will be thirty-six (36) months. Respondent may earn incentives which could result in his successful completion of the Program within a period of not less than eighteen (18) months. Alternatively, Respondent acknowledges and agrees that the Program Judge may, in the exercise of his discretion, extend the period of Respondent's participation in the Program beyond thirty-six (36) months in order to provide Respondent with additional time to successfully complete his Program requirements. Respondent acknowledges and agrees that Respondent may not successfully complete the Program without a one-year substance-free certificate from the LAP or, in the case of mental health issues, without a certificate from a licensed psychiatrist, clinical psychologist or other approved mental health professional indicating that Respondent has maintained at least one year of continuous mental health stability.

12.     Respondent understands and agrees that incentives may be granted by the Program Judge when he successfully complies with the terms and conditions of the Program. Such incentives include, but are not limited to: (a) a reduction in the minimum participation period for successful completion of the Program; (b) a reduction in the frequency of court appearances in the State Bar Court; (c) participation in status conferences by telephone rather than in person; (d) receipt of

credit for any period of inactive enrollment towards the period of actual suspension, if any, to be imposed in the disposition of the underlying disciplinary proceeding.

13. Respondent understands and agrees that sanctions may be imposed based upon Respondent's failure to comply with the terms and conditions of the Program. Such sanctions include, but are not limited to: (a) the involuntary enrollment of Respondent as an inactive member of the State Bar; (b) increased frequency of status conferences and/or personal appearances in the State Bar Court; (c) loss of credits for inactive enrollment towards the period of actual suspension imposed in the disposition of the underlying disciplinary proceeding; or (d) termination from the Program.

14. Respondent acknowledges and agrees that his participation in the Program may be terminated by the Court for non-compliance with Program requirements, including but not limited to the following: (a) positive urinalysis tests on multiple occasions; (b) missed treatment or group meetings; (c) allegations of additional misconduct which occurred after Respondent was accepted into the Program; or (d) failure to comply with the terms of this Contract.

15. Respondent agrees to appear in the State Bar Court for any scheduled hearings, regardless of Respondent's compliance with the LAP treatment program. Respondent further acknowledges and agrees that the Program Judge may require him to appear before the State Bar Court in an expeditious manner. Respondent agrees to make himself available to the Court if such an expedited conference is required by the Program Judge.

16. Respondent agrees to keep the LAP, its treatment provider(s), the Program Judge and the Membership Records Office of the State Bar advised of his current address and telephone number at all times during Respondent's participation in the LAP and in the Program. Respondent agrees to provide the above-referenced individuals and entities with any changes in Respondent's current address and telephone number within ten (10) days of the change.

17. Other Conditions:    None

---

By executing this Contract in the designated space below, Respondent represents that he has read and understands the Contract and the terms of Respondent's participation in the Program.

_____                    _____
Respondent                                                          Attorney for Respondent

7/15/05
_____                    _____
Date                                                                      Date

## CERTIFICATE OF SERVICE
### [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on July 19, 2005, I deposited a true copy of the following document(s):

> **DECISION RE ALTERNATIVE RECOMMENDATIONS FOR DEGREE OF DISCIPLINE;**
>
> **STIPULATION RE FACTS AND CONCLUSIONS OF LAW; and,**
>
> **CONTRACT AND WAIVER FOR PARTICIPATION IN THE STATE BAR COURT'S PROGRAM FOR RESPONDENTS WITH SUBSTANCE ABUSE OR MENTAL HEALTH ISSUES, all lodged July 15, 2005**

in a sealed envelope for collection and mailing on that date as follows:

[X]     by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

> **PHILIP A PUTMAN ESQ**
> **P O BOX 7336**
> **HUNTINGTON BEACH CA 92615-7336**

[X]     by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> **Charles A. Murray, Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on **July 19, 2005.**

*Julieta E. Gonzales*
**Julieta E. Gonzáles**
Case Administrator
State Bar Court

**EXHIBIT "B"**

## STATE BAR OF CALIFORNIA
## LAWYER ASSISTANCE PROGRAM

Amendment to the Participation Plan of

<u>Philip Allen Putman</u>

On September 24, 2007, the Evaluation Committee recommended that my Participation Plan be amended as follows and I agree that I will:

<u>Add:</u>
#8. Provide biological fluid samples as directed. Collections will be random and may be observed. The laboratory analysis of these samples will be submitted to the program. I understand that I will not be required to participate in the daily call-in.

*Subject to first providing me with name of informand, date, time and place of observation of my alleged alcohol (or other substances) consumption*

_____          _____
Philip Allen Putman, Participant                    Date  1-28-08

_____          _____
Robert Gastelum, MFT, Case Manager                  Date

_____          _____
Pam Poley, MFT, CADC, Clinical Director             Date

Philip Allen Putman - Participation Plan Amendment

**EXHIBIT "C"**

SENATE BILL 479 (Burton), effective January 1, 2002, established the Lawyer Assistance Program (LAP).

- "It is the intent of the Legislature that the State Bar of California seek ways and means to identify and rehabilitate attorneys with impairment due to abuse of drugs or alcohol, or due to mental illness, affecting competency so that attorneys so afflicted may be treated and returned to the practice of law in a manner that will not endanger the public health and safety."

The bill provides for —

- Active and comprehensive outreach efforts to the membership, judiciary, and the public.

- LAP participation does not limit or alter the California Supreme Court's power to disbar or discipline members of the State Bar.

- "Any information provided to or obtained by the program shall be confidential and this confidentiality shall be absolute unless waived by the attorney."

## CONFIDENTIAL LAWYER ASSISTANCE PROGRAM

1149 South Hill Street
Los Angeles, CA 90015

Telephone: (213) 765-1190

Toll Free: 877 - LAP 4 HELP
(877-527-4435)

E-mail: LAP@calbar.ca.gov
Web: www.calbar.ca.gov/lap

## ALL CALLS ARE CONFIDENTIAL

Director
Janis R. Thibault, MFT, CADC

Clinical Director
Pam Foley, MFT, CADC

# Lawyer Assistance Program

## State Bar of California

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV08- 625 DOC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

PHILIP A. PUTMAN, SBN 51368
3303 Harbor Blvd., Suite K-11
Costa Mesa, CA 92626
Telephone: (714) 848-5297

Attorney Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| PHILIP A. PUTMAN | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV08-625 DOC  (MLGx)** |
| v. | |
| STATE BAR OF CALIFORNIA; STATE BAR COURT OF CALIFORNIA; STATE BAR BOARD OF GOVERNORS; LAWYERS ASSISTANCE PROGRAM; ROBERT GASTELUM; PAM POLEY; LISA SPENDLOVE; | |
| And DOES 1 to 100 | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):   STATE BAR OF CALIFORNIA; STATE BAR COURT OF CALIFORNIA;
STATE BAR BOARD OF GOVERNORS; LAWYERS ASSISTANCE
PROGRAM; ROBERT GASTELUM; PAM POLEY; LISA SPENDLOVE;

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney,  Philip A. Putman _____, whose address is
 3303 Harbor Blvd. Suite K-11, Costa Mesa, CA 92626 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___6/6/08___

By _Stephanie Mikhail_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| PHILIP A. PUTMAN | STATE BAR OF CALIFORNIA; STATE BAR COURT OF CALIFORNIA; STATE BAR BOARD OF GOVERNORS; LAWYERS ASSISTANCE PROGRAM; ROBERT GASTELUM; PAM POLEY; LISA SPENDLOVE; <br><br> And DOES 1 to 100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| PHILIP A. PUTMAN <br> 3303 Harbor Blvd, Suite K-11, Costa Mesa, CA 92626 <br> (714) 848-5297 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 320,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **SACV08-625 DOC (MLGx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s): CV 08-2906 DDP(CW)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 05, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |