1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  PHILIP A. PUTMAN,            )        No. SACV 08-625-DSF(CW)
                                 )
13          Plaintiff,           )        REPORT AND RECOMMENDATION OF
                                 )        UNITED STATES MAGISTRATE JUDGE
14          v.                   )
                                 )
15  STATE BAR OF CALIFORNIA, et  )
    al.,                         )
16                               )
            Defendants.          )
17  _____)

18

19      This Report and Recommendation is submitted to the Honorable Dale

20  S. Fisher, United States District Judge, pursuant to 28 U.S.C. § 636

21  and General Order 194 of the United States District Court for the

22  Central District of California.  For reasons stated below, Defendants'

23  Motion to Dismiss should be granted, and this action dismissed in its

24  entirety.

25                    **BACKGROUND AND PROCEEDINGS**

26      The pro se plaintiff, Philip A. Putman, filed this Complaint

27  ("Cpt.") on June 6, 2008.  [Docket no. 1].  Plaintiff is a California

28  attorney who has been involved in state disciplinary proceedings

                                    1

1  related to a charged violation of sections 6068(b) and 6106 of the

2  California Business and Professions Code.[1]  [Cpt. ¶ 21.]

3      Plaintiff names the following defendants in his Complaint: the

4  State Bar of California ("State Bar"); the Board of Governors of the

5  State Bar of California ("Board of Governors"); the State Bar Court of

6  California ("State Bar Court"); and the Lawyers Assistance Program

7  ("LAP").  Plaintiff also sues Robert Gastelum, Case Manager with LAP;

8  and Pam Poley, a Clinical Director with LAP, in both their official

9  and individual capacities.[2]

10      Plaintiff asserts under 42 U.S.C. § 1983 that Defendants have

11  committed violations of Plaintiff's federal constitutional rights.

12  [Cpt. ¶¶ 1, 62-72.]  Specifically, Plaintiff asserts that the state

13  laws under which he is being disciplined (Cal. Bus. and Prof. Code

14  sections 6068(b)[3] and 6106[4]), are unconstitutional in violation of the

15

16      [1]  On October 28, 2001, Plaintiff sent a letter to Orange County
    Superior Court Judge David H. Brickner ("Judge Brickner") demanding
17  that he recuse himself for his conduct in case no. 00CC10381, Phillip
    A. Putnam v. Gilbert Azafrani, et al., which was then pending before
18  Judge Brickner.  Statements in the October 28, 2001 letter and
    subsequent motions were offensive and accused Judge Brickner of
19  criminal acts amounting to conspiracy, bribery, and violations of the
    judicial canons.  Thus, Plaintiff was found to be in violation of
20  Business and Professions Code sections 6068(b) and 6106.  [Cpt., Exh.
    A.]
21

22      [2]  Although Plaintiff does not expressly state in his Complaint
    that he is suing defendants Gastelum and Poley in their official and
23  individual capacities, the court infers it was Plaintiff's intention
    to do so.  See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008)
24  (the Ninth Circuit mandates that a pro se's pleadings be liberally
    construed).
25

26      [3]  California Business and Professions Code section 6068(a)
27  provides: "It is the duty of an attorney to do all of the following: .
    . . (b) To maintain the respect due to the courts of justice and
28                                                          (continued...)

First and Fourteenth Amendments.  [Cpt. ¶¶ 45, 47, 48, 49, 52, 53, 56, 57, 59, 60, 61.]  Plaintiff also asserts a violation of his Sixth Amendment right to confront his accuser.  [Cpt. ¶¶ 11-12.]  In addition, Plaintiff asserts several state law claims against certain of the named Defendants for breach of contract, breach of fiduciary duty, fraud and misrepresentation, and intentional infliction of emotional distress.  [Cpt. ¶¶ 73-111.]

Plaintiff seeks declaratory and injunctive relief, declaring sections 6068(b) and 6106 unconstitutional, and ordering Defendants to cease from enforcing, applying, or using those statutes against any member of the State Bar of California.  [Cpt. ¶¶ 2, 3, 53, 61.]  Plaintiff also seeks an order declaring that Defendants violated his constitutional rights.  [Cpt. ¶ 70.]  Plaintiff further seeks compensatory, punitive and exemplary damages, loss of income, and attorney's fees and costs.  [Cpt. at 17.]

Defendants filed a motion to dismiss ("MTD") on August 29, 2008. [Docket no. 13.]  On September 19, 2008, Plaintiff filed opposition ("Opposition") to the motion.[5]  [Docket no. 20.]  All Defendants filed a reply ("Reply") on September 22, 2008.  [Docket no. 19.]

---

[3]  (...continued)
judicial officers."

[4]  California Business and Professions Code section 6106 provides: "The commission of any act involving moral turpitude, dishonesty, or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes cause for disbarment or suspension."

[5]  Plaintiff filed an opposition to the motion on September 19, 2008 [docket no. 18], then a "corrected" opposition on September 23, 2008, [Docket no. 20.]  The "corrected" opposition is cited herein.

3

Defendants' motion to dismiss has been taken under submission and is ready for decision.

### STATE BAR DISCIPLINARY PROCEEDINGS[6]

Plaintiff admitted to violating sections 6068(b) and 6106 of the California Business and Professions Code in an "Executed Stipulation Re Facts and Conclusions of Law" ("Stipulation"). [Cpt., Exh. A.] Taking into consideration Plaintiff's mental health issues (recurrent major depressive disorder and alcohol abuse) and the Stipulation, the State Bar Court allowed Plaintiff to participate in its Alternative Discipline Program[7] ("ADP") in exchange for a lower level of discipline. [Id.]  The State Bar Court then issued a "Decision re Alternative Recommendations for Degree of Discipline" in case no. 02-O-10121 on July 15, 2005. [Id.]  The alternative disciplinary recommendations were dependent on Plaintiff's completion of the ADP. [Id.]

If Plaintiff successfully completed the ADP, the State Bar Court would publicly reprove Plaintiff and require him to fulfill certain conditions for a period of four years. [Cpt., Exh. A.]  If Plaintiff failed to complete the ADP, the State Bar Court would recommend that Plaintiff be suspended from the practice of law for a "period of two

---

[6] Defendants request that the court take judicial notice of four "Alternative Discipline Program Status Conference Order[s]" from the State Bar Hearing Department in connection with Plaintiff's disciplinary proceedings. [See Exhs. A-D, attached to State Bar Defendants' Request for Judicial Notice ("Def. RJN"), filed August 29, 2008]; [Docket no. 15.]  A court may take judicial notice of pleadings, court orders, and judgments filed in another litigation. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006).  Thus, Defendants' RJN is granted.

[7] A program for lawyers with substance abuse or mental health issues.

4

years and until he ha[d] shown proof satisfactory to the State Bar
Court of his rehabilitation, fitness to practice and learning and
ability in the general law . . . ." and that Plaintiff be "placed on
probation for a period of five years" with certain conditions.  [Id.]

The ADP required Plaintiff to participate in the Lawyer
Assistance Program ("LAP").  [Cpt., Exh. A.]  Plaintiff asserts that
he began the LAP on January 2005 and attended weekly meetings for
almost three years.  [Cpt. ¶¶ 27-28, 32.]  Plaintiff contends that on
October 2007, LAP ordered Plaintiff to "submit to random alcohol
testing based on [information from] an informant whose identity LAP
refused to disclose . . ."  [Cpt. ¶ 32.]  Plaintiff states that he
consented to the alcohol test on the condition that LAP disclose the
name of the informant.  [Cpt. ¶ 35.]

As a result of Plaintiff's refusal to submit to the test, a
hearing was held before a LAP evaluation committee, consisting of
Defendant Gastelum, Defendant Poley, and Lisa Spendlove.  [Cpt. ¶ 37.]
Plaintiff alleges that the evaluating committee thereafter terminated
his participation in the LAP.  [Cpt. ¶ 38.]

On June 9, 2008, three days after this action was filed, the
State Bar Court found Plaintiff was not in compliance with ADP
conditions and "ordered [Plaintiff] to show proof he [] reapplied to
LAP."  [Def. RJN, Exh. C.]  On August 4, 2008, the State Bar Court
deemed Plaintiff in compliance with the conditions of the ADP.  [Def.
RJN, Exh. D].[8]

---

[8]  A search of the California State Bar website reflects that on
December 4, 2009, Plaintiff tendered a voluntary resignation with
charges pending, including case no. 02-O-10121.  The State Bar of
California, http://members.calbar.ca.gov/search/member_detail.aspx?x
(continued...)

**PLAINTIFF'S CLAIMS**

Plaintiff asserts the following claims:

1.     California Business and Professions Code section 6068(b) is
       unconstitutionally vague and overbroad, and therefore
       violates Plaintiff's First Amendment rights.  [Cpt. ¶¶ 45,
       47.]  Plaintiff also contends that it violates his due
       process rights under the Fourteenth Amendment since the
       language of section 6068(b) "does not afford Plaintiff
       sufficient notice that Plaintiff violated the section by
       expressing his opinion about a judicial officer."  [Cpt. ¶
       48.]

2.     California Business and Professions Code section 6106 is
       unconstitutional and violates Plaintiff's First Amendment
       rights because it is unconstitutionally "vague and overbroad
       in that it does not define the conduct which it seeks to
       prohibit with sufficient definiteness such as a prohibition
       against filing disqualifications, pleadings, or lawsuits,
       and does not establish minimal guidelines to govern law
       enforcement."  [Cpt. ¶ 56.]  He contends that section 6106
       further "violates the First Amendment's Petition Clause
       which protects 'the right of the people ... to petition the
       government for a redress of grievances.'"  [Cpt. ¶ 57.]

3.     The LAP violated Plaintiff's Sixth Amendment right to
       confront his accuser when it refused to disclose the
       identity of an "anonymous" informant.  [Cpt. ¶¶ 67, 70.]
       Plaintiff also contends that the LAP violated his Fourteenth

---

[8]  (...continued)
=51368 (last visited June 23, 2010).

Amendment rights when it "summarily" terminated his participation in its program.  [Cpt. ¶ 70.]

4.    The LAP was in breach of contract when it "arbitrarily terminated [Plaintiff's] participation in the [LAP]" after Plaintiff "proposed a change to the [] terms of the contract" where "Plaintiff would [only] submit to an alcohol test following the disclosure of the identify of the informant[]."  [Cpt. ¶ 81.]

5.    Defendants Gastelum and Poley, as Plaintiff's therapists, breached their fiduciary duty, "when they subjected Plaintiff to defend his participation in the LAP program based on unfounded accusations of an anonymous informant." [Cpt. ¶¶ 93-96.]  Plaintiff also contends that Defendants Gastelum and Poley "further breached their duty when they arbitrar[il]y and capriciously terminated Plaintiff's participation in the therapy sessions [and] refused [to] provide Plaintiff with reasonable accommodation."  [Cpt. ¶ 97.]

6.    The LAP and Defendants Gastelum and Poley's act of terminating Plaintiff's participation in the LAP after falsely representing that "if Plaintiff performed his obligations of the agreement, the Defendants would provide Plaintiff with the therapy sessions in the LAP" constituted fraud and misrepresentation.  [Cpt. ¶¶ 105-06.]

7.    The LAP and Defendants Gastelum and Poley subjected "Plaintiff to physical, mental and emotional hardship when Defendants relying on uncorroborated anonymous informant accused Plaintiff of alcohol abuse and then terminated

1    Plaintiff's participation in LAP," thus constituting

2    intentional infliction of emotional distress.  [Cpt. ¶ 110.]

3                              **DISCUSSION**

4        Defendants have moved to dismiss Plaintiff's federal claims for

5    lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)[9]

6    and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[10]

7    [MTD at 7-13, 13-22.]  As discussed below, Defendants' abstention and

8    immunity grounds for dismissal of these claims are dispositive as to

9    all Defendants.  Accordingly, the court need not reach Defendants'

10   additional arguments for failure to state a claim.  [MTD at 15-18.]

11   Furthermore, in light of the disposition of the federal claims, this

12   court should dismiss all of Plaintiff's state law claims against

13

14   _____

15       [9]  A challenge to the court's subject matter jurisdiction can be
     raised at any time.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194

16   n. 2 (9th Cir. 1988).  A complaint may be dismissed for lack of
     subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Neitzke

17   v. Williams, 490 U.S. 319, 327 n.6, 109 S. Ct. 1827 104 L. Ed. 2d 338
     (1989).  "If the court determines at any time that it lacks subject-

18   matter jurisdiction, the court must dismiss the action."  Fed. R. Civ.
     P. 12(h)(3).

19

20

21       [10]  A Rule 12(b)(6) motion to dismiss for failure to state a
     claim tests the legal sufficiency of a claim for relief.  Navarro v.

22   Block, 250 F.3d 729, 732 (9th Cir. 2001).  "In deciding such a motion,
     all material allegations of the complaint are accepted as true, as

23   well as all reasonable inferences to be drawn from them."  Id.  "A
     Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable

24   legal theory' or 'the absence of sufficient facts alleged under a
     cognizable legal theory.'"  Johnson v. Riverside Healthcare System,

25   534 F.3d 1116, 1121 (9th Cir. 2008)(quoting Balistreri v. Pacifica
     Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  A complaint may

26   also be dismissed for failure to state a claim if it discloses some
     fact or complete defense that necessarily defeats the claim.  Franklin

27   v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984)(citing 2A Moore's
     Federal Practice ¶ 12.08).

28

1   Defendants without prejudice.  See 28 U.S.C. § 1367(c)(3); United Mine

2   Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218

3   (1966)(normally state law claims over which court has supplemental

4   jurisdiction should be dismissed if all federal claims dismissed

5   before trial); Acri v. Varian Associates, Inc., 114 F.3d 999, 1000

6   (9th Cir. 1997).

7                **EQUITABLE RELIEF AND YOUNGER ABSTENTION**

8       Plaintiff's claims for declaratory and injunctive relief in which

9   he seeks an order (1) declaring California Business and Professions

10  Code sections 6068(b) and 6106 unconstitutional, (2) requiring

11  Defendants to cease from enforcing, applying, or using those statutes

12  against any member of the State Bar of California, and (3) declaring

13  Defendants violated his constitutional rights when Plaintiff was

14  terminated from the ADP, should be dismissed on abstention grounds

15  under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669

16  (1971).[11]

17      Under the principle of comity, a federal court generally may not

18  interfere with an ongoing state judicial proceeding.  See Younger, 401

19  U.S. at 45-46 (absent extraordinary circumstances federal court should

20  not interfere with pending state criminal proceeding); see also

21  Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 717-18, 116 S.

22  Ct. 1712, 135 L. Ed. 2d 1 (1996)("... the authority of a federal court

23  to abstain from exercising its jurisdiction extends to all cases in

24  which the court has discretion to grant or deny relief."); Ankenbrandt

25  ─────────────

26     [11]  Plaintiff's damages claims are not subject to dismissal under
    Younger.  Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004)
27  ("[F]ederal courts should not dismiss actions where damages are at
    issue; rather, damages actions should be stayed until the state
28  proceedings are completed.").

v. Richards, 504 U.S. 689, 705, 112 S. Ct. 2206, 119 L. Ed. 2d 468
(1992) ("Younger abstention" also applied to pending state civil
proceedings when important state interests involved); Middlesex County
Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct.
2515, 73 L. Ed. 2d 116 (1982)(same).

Younger abstention is required if state proceedings (1) are
ongoing, (2) implicate important state interests, and (3) provide an
adequate opportunity to litigate constitutional (or other federal)
claims. Middlesex County Ethics Comm., 457 U.S. at 432; Columbia
Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th
Cir. 2001). If the three Younger requirements are satisfied, federal
court abstention is required, absent extraordinary circumstances such
as bad faith, harassment, or a patently unconstitutional state
statute. Middlesex County Ethics Comm., 457 U.S. at 435, 437;
Younger, 401 U.S. at 53-54.

All three Younger factors are satisfied in Plaintiff's case.
First, it is not reasonably disputed that a State Bar Court
disciplinary proceeding is judicial in nature. See Middlesex County
Ethics Comm., 457 U.S. at 432-34; Canatella v. California, 404 F.3d
1106, 1110 (9th Cir. 2005) ("California's attorney discipline
proceedings are 'judicial in character' for purposes of
Younger abstention."); Hirsh v. Justices of the Supreme Court, 67 F.3d
708, 712 (9th Cir. 1995)(California's attorney disciplinary
proceedings are judicial in nature). Nor is it reasonably disputed
that such a proceeding was ongoing in State Bar Court case no. 02-O-
10121-RAH when Plaintiff filed the present federal action on June 6,
2008. See Dydzak v. California, 2009 WL 499745 at *6-*8 (C.D. Cal.
2009) (finding that State Bar disciplinary proceedings were ongoing

10

1  for <u>Younger</u> purposes, when commenced as of the date the federal action

2  was filed); <u>see also</u> <u>Green v. City of Tucson</u>, 217 F.3d 1081, 1083 (9th

3  Cir. 2000) (state proceedings "ongoing" if pending when federal action

4  filed).

5        The State Bar Court issued its "Decision re Alternative

6  Recommendations for Degree of Discipline" ("Decision") in case no. 02-

7  O-10121 on July 15, 2005.  [Cpt., Exh. A.]  In its Decision, the State

8  Bar Court issued alternative recommendations contingent on Plaintiff's

9  completion of the ADP, and stated that "the Decision [would] not be

10 filed until further order of this Court based upon the Court's written

11 finding that [Plaintiff] ha[d] either successfully completed the

12 Alternative Discipline Program or ha[d] been terminated from the

13 Alternative Discipline Program."[12]  [<u>Id.</u>]  There is no indication that

14 Plaintiff had either completed or been terminated from the ADP.

15 Moreover, proceedings were still ongoing because the California

16 Supreme Court had not rendered a decision or order imposing discipline

17 on Plaintiff, which would have finalized Plaintiff's disciplinary

18 proceeding.  <u>See</u> <u>In re Rose</u>, 22 Cal.4th 430, 442, 93 Cal. Rptr. 2d 298

19 (2000) ("[A]ny decision which the [State Bar Court] may be empowered

20 or minded to make in a proceeding pending before it is merely

21 recommendatory in character and has no other or further finality in

22 effecting the disbarment, suspension or discipline . . . .") (<u>quoting</u>

23 <u>In re Shattuck</u>, 208 Cal. 6, 12 (1929)); <u>see also</u> <u>Smith v. State Bar</u>,

24

25        [12] Rule 803(c) of the Rules of Procedure of the State Bar of
26 California provides, "If the respondent is accepted for participation
   in the [Alternative Discipline] Program, the stipulation as to facts
27 and conclusions of law shall not be implemented or transmitted as a
   recommendation to the Supreme Court until the respondent either
28 successfully completes the Program or is terminated from the Program."

38 Cal.3d 525, 539, 213 Cal. Rptr. 236 (1985) ("While we[, the California Supreme Court,] attach great weight to disciplinary recommendations of the review department, we are ultimately responsible for independently determining the appropriate degrees of discipline."). Accordingly, the record sufficiently establishes that Plaintiff's disciplinary proceedings were initiated prior to the filing of this Complaint and were ongoing for purposes of Younger abstention.[13]

Second, it is clear (and conceded by Plaintiff) that attorney disciplinary proceedings implicate an important state interest. [Opposition at 8]; See Middlesex County Ethics Comm., 457 U.S. at 434-35 (states have an "extremely important interest in maintaining and assuring the professional conduct of the attorneys [they] license[]."); Canatella, 404 F.3d at 1110.

Finally, the State Bar Court proceedings have provided and continue to provide Plaintiff ample opportunity to litigate his present claims.[14] See Middlesex County Ethics Comm., 457 U.S. at 435-36 (federal constitutional challenges may be raised in pending state

_____

[13] Plaintiff states in conclusory terms that there were no ongoing proceedings because he had entered into a Stipulation to participate in the ADP and there were no further hearings pending before the State Bar Court; but he offers no evidence that proceedings had been terminated, nor does he cite a final decision by the California Supreme Court. [Opposition at 8.]

[14] Plaintiff's contention that the Ninth Circuit's holding in Hirsh has been undermined by In re Rose, 22 Cal.4th at 447-48, lacks merit. [Opposition at 8-12.] The Ninth Circuit continues to hold, relying on Hirsh, that attorneys in disciplinary proceedings have adequate opportunity to raise constitutional questions before the California Supreme Court. See Canatella, 404 F.3d at 1111 (citing Hirsh, 67 F.3d at 711-12, 713).

1  bar disciplinary proceedings); <u>Canatella</u>, 404 F.3d at 1111; <u>Hirsh</u>, 67

2  F.3d at 713 (federal constitutional claims, including due process,

3  bias, and disqualification, may be raised in the State Bar Court);

4  <u>Dydzak</u>, 2009 WL 499745 at *6-*7 (finding that attorney had an adequate

5  opportunity to litigate any federal claims in the pending disciplinary

6  proceedings, despite the California Supreme Court's denial of his

7  interlocutory petition for review).  It is inconsequential that

8  California's State Bar Court has no jurisdiction to declare a statute

9  unenforceable or unconstitutional or to refuse to enforce it on such a

10 basis absent clear precedent.  <u>See</u> <u>Hirsh</u>, 67 F.3d at 711-12, 713; <u>see</u>

11 <u>also</u> <u>Canatella</u>, 404 F.3d at 1111.  Federal constitutional rights may

12 be asserted in disciplinary proceedings.[15]

13      Therefore, this court should abstain from interfering with the

14 ongoing state judicial proceedings, and should dismiss all of

15 Plaintiff's claims for equitable relief under <u>Younger</u>.

16

17

18 _____

19      [15]  Plaintiff does not expressly raise any issues of whether an
   "extraordinary circumstances" exception to <u>Younger</u> abstention applies.

20 However, to the extent that Plaintiff does argue that an exception
   does exist because California Business and Professions Code sections

21 6068(b) and 6106 are patently unconstitutional state statutes,
   Plaintiff fails sufficiently to meet the necessary standard.  <u>Younger</u>,

22 401 U.S. at 53-54.  The <u>Younger</u> doctrine allows intervention where the
   challenged statute is flagrantly and patently violative of express

23 constitutional prohibitions in <u>every</u> clause, sentence, and paragraph,

24 and in whatever manner and against whomever an effort is made to apply
   it.  <u>Huffman v. Pursue, Ltc.</u>, 420 U.S. 592, 611, 95 S. Ct. 1200, 1212,

25 43 L. Ed. 482 (1975) (emphasis added).  Thus, this Younger abstention
   requirement is very narrow.  Plaintiff simply asserts that sections

26 6068(b) and 6106 are unconstitutionally vague and overbroad. [Cpt. at

27 ¶¶ 45, 56.]  Therefore, Plaintiff fails to demonstrate that an
   "extraordinary circumstance" exception applies.

28

**DAMAGES CLAIMS, THE ELEVENTH AMENDMENT, AND IMMUNITY**

Although not subject to dismissal under Younger, Plaintiff's federal damages claims against all Defendants are barred by the Eleventh Amendment and quasi-judicial immunity.

**A.   Eleventh Amendment**

As Defendants correctly contend, the Eleventh Amendment bars Plaintiff's suit against the State Bar, Board of Governors, State Bar Court, and LAP, as well as Defendants Gastelum and Poley in their official capacities.  [MTD at 7-8.]

**1.   The State Bar, Board of Governors, State Bar Court, And LAP**

The Eleventh Amendment prohibits federal jurisdiction over suits against a state or state agency unless the state or agency consents to the suit.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).  This Eleventh Amendment immunity also extends to suits against a state agency, including the State Bar of California and its Board of Governors.  See Hirsh, 67 F.3d at 715; Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985); see also Brooks v. Sulphur Springs Valley Elec. Co-op, 951 F.2d 1050, 1053 (9th Cir. 1991) (stating that the Eleventh Amendment bars suits against state agencies whether the relief sought is legal or equitable in nature).

Although Plaintiff attempts to argue that the LAP is not an arm of the state for purposes of the Eleventh Amendment, "the authorities reviewed by the court suggest the opposite." Morris v. State Bar of California, 2008 WL 4067448 at *4 (N.D. Cal. 2008) (citing to Cal. Bus. & Prof. Code section 6231 (establishing State Bar Board of

14

Governors' authority to establish an Attorney Diversion and Assistance Program) and Cal. Bus. & Prof. Code section 6238 (requiring LAP Oversight Committee make annual reports to both the Board of Governors and to the California State Legislature)).

Plaintiff further contends that the State Bar is not an arm of the state, citing <u>Keller v. State Bar of California</u>, 496 U.S. 1, 12-13, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990). [Opposition at 6-7.] However, this argument was rejected in <u>Koniq v. State Bar of California</u>. 2004 WL 2091990 at *2 (N.D. Cal. 2004) ("there is considerable debate over what type of entity the State Bar is in the context of other constitutional and statutory claims," but noted that both the Ninth Circuit and other judges in this District "have held that the Eleventh Amendment applies to the State Bar"). With respect to <u>Keller</u>, the court in <u>Koniq</u> explained that "the case has no relevance in the context of Eleventh Amendment sovereign immunity. <u>Keller</u> is a First Amendment freedom of speech and association case. The case does not hold, or even suggest, that the State Bar is not entitled to immunity." <u>Id.</u> at *3.

**2.  Official Capacity: Defendants Gastelum And Poley**

State officers acting in their official capacities receive the same immunity from suit as the government agency that employs them. <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); <u>see also Hirsh</u>, 67 F.3d at 715 ("[The Eleventh Amendment] immunity extends to the individual defendants acting in their official capacities."). A state official is not immune, however, when sued in an official capacity for prospective relief. <u>Will v. Michigan Dep't State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); <u>Edelman v. Jordan</u>, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662

1  (1974); <u>Ex Parte Young</u>, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714

2  (1908).  Nor is the official immune when sued for damages in an

3  individual capacity.  <u>Arizonians for English v. Arizona</u>, 520 U.S. 43,

4  117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997); <u>Hafer v. Melo</u>, 502 U.S. at

5  30.  Here, Plaintiff does not seek prospective relief against Gastelum

6  and Poley;[16] and to the extent Plaintiff seeks damages against these

7  Defendants in their official capacities, his claims are barred by the

8  Eleventh Amendment.

9      In sum, Plaintiff's § 1983 claims against the State Bar, Board of

10  Governors, State Bar Court, LAP, and Defendants Gastelum and Poley in

11  their official capacity should be dismissed on grounds that Eleventh

12  Amendment immunity bars the claims.

13  **B.  <u>Quasi-Judicial Immunity</u>**

14      Although the Eleventh Amendment does not bar Plaintiff's § 1983

15  damages claims against LAP employees sued in their individual

16  capacities, <u>Hafer</u>, 502 U.S. at 30, individuals may be immune from suit

17  for other reasons.  Defendants Gastelum and Poley contend that they

18  are entitled to quasi-judicial immunity.  [MTD at 14-15.]  Plaintiff

19  argues judicial immunity should not apply because LAP is not part of

20  the State Bar, and thus its employees are not deemed to be judicial

21  officers.  [Opposition at 13.]  However, Plaintiff's contentions are

22

23  _____

24  [16]  Although Plaintiff seeks an order declaring that LAP "violated Plaintiff's right when it unilaterally, arbitrar[ily] and

25  and capriciously terminated Plaintiff from its program," this relief is retrospective, and therefore barred by the Eleventh Amendment.  <u>See</u>

26  <u>National Audubon Society, Inc. V. Davis</u>, 307 F.3d 835, 847-48 (9th Cir. 2002) (retrospective declaratory relief would declare that the

27  State Defendants committed constitutional violations in the past; prospective relief would declare that likely future actions are

28  unconstitutional).

1  unpersuasive.

2      Courts have extended judicial immunity for damages under § 1983

3  to non-judicial officers who perform "quasi-judicial" functions or

4  duties.[17]  Specifically, quasi-judicial immunity has been granted to

5  persons who perform functions analogous to those performed by

6  Defendants Gastelum and Poley in the present case.  See Church of

7  Scientology Intern. v. Kolts, 846 F.Supp. 873, 886 (C.D. Cal. 1994),

8  see also Howard v. Drapkin, 222 Cal.App. 3d 843, 855-56 (1990).  For

9  example, quasi-judicial immunity has been applied to those connected

10  with the judicial process such as (1) mediators, guardians ad litem,

11  therapists, receivers, bankruptcy trustees and other persons appointed

12  by the courts for their expertise and (2) persons whose work product

13  comes into the judicial process to be used by the court even though

14  they were not court-appointed, such as social workers and probation

15  department employees.  Howard, 222 Cal.App.3d at 855-56.  Persons

16  performing functions intertwined with the litigation process are

17  considered an arm of the judicial office, and are protected from

18  having to litigate the manner in which they performed their delegated

19  tasks.  See Church of Scientology, 846 F. Supp. 886.

20      Defendants Gastelum and Poley, as employees of the LAP, helped

21  the State Bar Court make its determination of the proper discipline

22

23      [17]  It is well established that judges are entitled to absolute
    immunity from suits for money damages for all actions that are taken
24  in their capacity, including malicious acts or those in excess of
    jurisdiction; unless the actions taken are in the complete absence of
25  any jurisdiction.  Antoine v. Byers & Anderson, Inc., 508 U.S. 429,
    435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993); Mireles v.
26  Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)(per
    curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S. Ct. 1099, 55
27  L. Ed. 2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.
28  1986)(en banc).

                              17

1    recommendation for Plaintiff.[18]   Defendants were engaged in treating

2    and evaluating Plaintiff's success in the LAP program, which was

3    pivotal in determining the level of Plaintiff's discipline for his

4    disciplinary proceeding.   Thus, Defendants Gastelum and Poley are

5    entitled to "quasi-judicial" immunity for all damages claims under §

6    1983 arising from the performance of their duty in connection with the

7    judicial process.   <u>Id.</u> at 903 (holding that absolute quasi-judicial

8    immunity is properly extended to neutral third-parties for their

9    conduct in performing dispute resolution services which are connected

10   to the judicial process and involve either (1) the making of binding

11   decisions, (2) the making of findings or recommendations to the court

12   or (3) the arbitration, mediation, conciliation, evaluation or other

13   similar resolution of pending disputes).

14                                  <u>**CONCLUSION**</u>

15       Accordingly, all of Plaintiff's claims in his Complaint are

16   subject to dismissal under <u>Younger</u> abstention, the Eleventh Amendment,

17   and quasi-judicial immunity.   There does not appear to be any way in

18   which Plaintiff could amend his Complaint, consistently with his

19   present allegations, to state a cognizable claim not subject to the

20   defects discussed above.   Accordingly, the FAC should be dismissed

21   without further leave to amend.[19]

22

23       [18]   The LAP was to provide the State Bar information regarding
     Plaintiff's participation in the LAP and the progress of Plaintiff's
24   treatment.   [Cpt., Exh. A, Contract & Waiver ¶ 6.]   "The information
     released by the LAP may [] be utilized in determining whether
25   Respondent has successfully completed the Program or, alternatively,
     whether Respondent should be terminated from further participation in
26   the Program." [<u>Id.</u>]

27

28       [19]   If the court finds that a complaint should be dismissed it
                                                        (continued...)

                                   18

1

## RECOMMENDATIONS

2     **IT IS RECOMMENDED** that the court issue an order: (1) accepting

3     this Report and Recommendation; (2) granting Defendants' motion to

4     dismiss [docket no. 13, filed August 29, 2008]; (3) dismissing the

5     Complaint without leave to amend; (4) dismissing this action in its

6     entirety, with prejudice as to Plaintiff's damages claims under

7     federal law and without prejudice as to Plaintiff's damages claims

8     under state law and his claims for equitable relief.

9

10    DATED:    June 25, 2010

11                                        

12                                        _____
                                          CARLA M. WOEHRLE
13                                        United States Magistrate Judge

14

15

16

17

18

19

20

21

22    _____

23          [19]  (...continued)
      may do so with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d
24    1122, 1126-30 (9th Cir. 2000)(en banc).  Leave to amend should be
      granted if it appears possible that the complaint's defects can be
25    corrected, especially if a plaintiff is <u>pro</u> <u>se</u>.  <u>Id.</u> at 1130-31; <u>see</u>
      <u>also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).  If,
26    however, after careful consideration, it is clear that a complaint
      cannot be cured by amendment, the court may dismiss without leave to
27    amend.  <u>Cato</u>, 70 F.3d at 1107-11; <u>see</u> <u>also</u> <u>Moss v. U.S. Secret</u>
      <u>Service</u>, 572 F.3d 962, 972 (9th Cir. 2009).
28